The Court

observed that the exceptions were to two decisions of the judge who presided in the trial of this cause. The first was, that he rejected evidence which would have gone to show symptoms of insanity after the summer, which succeeded the speaking the words charged. In this they held the conduct of the judge to be correct. Facts arising so long after could have little or no tendency to show the actual state of the defendant’s mind at the time he spoke the words : while they might, nevertheless, produce an improper effect on the minds of jurors.
The rejection of the depositions was also confirmed by the Court. The deponents state no facts on which they ground their opinion. This is to be required from physicians as well as others. Juries are to judge of facts; and although the opinions of professional gentlemen on facts submitted to them, have justly great weight attached to them, yet they are not to be received as evidence, unless predicated upon facts testified either by them or by others, (a)
*207 The Court observed that they gave no opinion, in this case, how far, or to what degree, insanity was to be received as an excuse in an action for defamatory words. Where* the derangement was great and notorious, so that the speaking the words could produce no effect on the hearers, it was manifest no damage would be incurred. But where the degree of insanity was slight, or not uniform, the slander might have its effect; and it would be for the jury to judge upon the evidence before them, and measure the damages accordingly.

Judgment on the verdict.

 [Hawthorn & Al. vs. King, 8 Mass. Rep. 371.—In matters depending on skill ana science, or on many minute circumstances, which cannot be detailed, or commu *207 nicated to a jury, — or merely on judgment, as time, space, magnitude, velocity, &c., — the opinion of witnesses is the best evidence of which the nature of the case will admit. — M'Kee vs. Nelson, 4 Cowen, 355. — Glas. 268. — 1 Phil. 275.
In Poole vs. Richardson, (3 Mass. Rep. 330,) the subscribing witnesses to a will were allowed to testify as to their opinion of the sanity of the testator) but the other witnesses in the case were only allowed to testify to particular facts, relative to the state of the testator’s mind. The reason for this distinction is not obvious. If any distinction were to be made, it would seem, cateris paribus, that the testimony of the other witnesses should have been preferred, on account of their being more indifferent. Nevertheless, the decision in Poole vs. Richardson has been confirmed by that in Needham vs. Ide, 5 Pick. 510. — Ed.]