SAMUEL K. WHITING, Appellant,
From the decree of the Judge of Probate.

Hancock.    Opinion February 15, 1913.

*Appeal.    Attending Physician.    Conversations.    Evidence.    Exceptions.*
*Expert.    Guardian.    Mental Capacity.    Legal Fiction.    Waiver.*

1.  It is the rule of law in this State that attending physicians of skill and good repute, who are not experts in mental diseases, may testify as to the mental condition of their patients and that their opinions as to such condition are admissible when the facts upon which they base their opinions are detailed to the jury, although they may not give their opinion as to the direct question to be determined.

2.  The right of privileged communications is a personal privilege and can be invoked only by him who makes it and is to be strictly construed.

3.  That the right may be waived is equally clear, not only expressly, but also by inference from acts and conduct as by failure to object to the evidence when offered by the adverse party.

On exceptions by the appellant.    Sustained.

This is a petition to the Probate Court of Hancock County for the appointment of a guardian of George W. Whiting, under paragraph II, Section 4 of Chapter 69, Revised Statutes.   Upon a hearing, the petition was dismissed by the Probate Court and on appeal was dismissed by the Supreme Court of Probate.   At the hearing in the Supreme Court of Probate certain evidence was offered by the appellant, and excluded by the presiding Justice and the appellant excepted to such exclusion.

The case is stated in the opinion.

*Peters & Knowlton,* for appellant.

*Daniel E. Hurley,* for appellee.

SITTING:   WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, BIRD, JJ.

BIRD, J.    This is a petition to the Probate Court of Hancock County for the appointment of a guardian of George W. Whiting

under paragraph II, Section 4 of Chapter 69, R. S. The petition was dismissed, after hearing, by the Probate Court and, on appeal, by the Supreme Court of Probate. At the hearing in the latter court, certain evidence was offered by the appellant which was excluded by the presiding Justice and the case is before us upon exceptions to his rulings.

1. The appellant called one McDonald, claimed to be the attending physician of George W. Whiting, and offered to introduce his opinion as to the mental capacity of George W. Whiting. The bill of exception, alleges that this evidence so offered was excluded on the ground that no evidence had been produced that Dr. McDonald was an expert in mental diseases.

It is undoubtedly the rule of law of this State that attending physicians, of skill and good repute, who are not experts in mental diseases, may testify as to the mental condition of their patients and that their opinions as to such condition are admissible, when the facts upon which they base their opinions are detailed to the jury, although they may not give opinions as to the direct question to be determined. *Fayette* v. *Chesterville,* 77 Maine, 28, 33; *Hall* v. *Perry,* 87 Maine, 569, 577; *Ireland* v. *White,* 102 Me., 233, 238, 239; *Hathorn* v. *King,* 8 Mass., 370; *Dickens* v. *Barber,* 9 Mass., 225; *Lewis* v. *Mason,* 109 Mass., 169. Tried by this rule, we are of the opinion that part at least of the questions excluded were admissible and that the exception must be sustained.

2. An attorney at law was called by the appellant and asked to give testimony of conversations between him and George W. Whiting in relation to matters of business for the purpose of showing that the latter had become incapable of managing his own affairs. The testimony was excluded upon the ground of privileged communication. The appellant sought to show that the privilege, if ever it existed, had been waived, and offered to prove that the same parties were present in the Probate Court as in the appellate court and that the testimony offered was given in the Probate Court without objection.

The right of privileged communication is a personal privilege and can be invoked only by him who makes it. *LeProhon,* Appellant, 102 Maine, 455. The rule of privilege is to be strictly construed; *Foster* v. *Hall,* 12 Pick., 89, 98; *Hatton* v. *Robinson,* 14

Pick., 416, 422. That the right may be waived is equally clear, not only expressly but also by inference from acts and conduct. *Stewart* v. *Leonard,* 103 Maine, 128, 132, 133; *Phillips* v. *Chase,* 201 Mass., 444, 449, as by failure to object to the evidence when offered by the adverse party. See *Clifford* v. *Denver, etc. R. R. Co.,* 188 N. Y., 349, 354, 357.

Whether the right of privilege, once waived, can be again asserted with effect upon a subsequent trial or appeal of the same case, is a question upon which reported cases are at variance. Those holding the negative base the conclusion upon the proposition that, when the privileged communication is once made public, the reason for its exclusion thereafter fails and the privacy between the parties to it then exists in legal fiction only. See *Green* v. *Crapo,* 181 Mass., 55, 62; *McKenney* v. *Grand Street, etc. Co.,* 104 N. Y., 352. See also *People* v. *Bloom,* 193 N. Y., 1; *Elliott* v. *Kansas City,* 198 Mo., 593. We think the cases holding otherwise not convincing and that appellant should have been permitted to introduce the evidence offered.

*Exceptions sustained.*
*Case remanded to Supreme Court*
*of Probate for re-hearing.*