**STATE of Maine**

v.

**Alan B. CHASE a/k/a Alan B. Grosso.**

Supreme Judicial Court of Maine.

Argued Nov. 21, 1985.

Decided Dec. 9, 1985.

---

Laurence Gardner (orally), Asst. Dist. Atty., Portland, for the State.

Daniel G. Lilley (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and SCOLNIK, JJ.

PER CURIAM.

The State appeals from an order of the Superior Court (Cumberland County) granting defendant's motion for disclosure of the identity of a confidential informant pursuant to M.R.Evid. 509. We have previously emphasized that the State's right to appeal an interlocutory order pursuant to 15 M.R. S.A. § 2115–A (1980) is confined to those instances where serious harm to the prosecution would otherwise result. *State v. Drown,* 447 A.2d 466, 470–71 (Me.1982).

In the present case, the State concedes that the prosecution will not be impaired by the court ordered disclosure of the informant's identity. The State represents that it will refuse to comply with the order and argues that the mere threat of the resulting sanction, presumably a dismissal of the indictment, provides the necessary impediment to prosecution. As the case now stands, however, the Superior Court's order of disclosure has not harmed the prosecution.[1] The appeal must be dismissed as premature.[2]

The entry is:

Appeal dismissed.

All concurring.

---

1. The presiding justice failed to enter a conditional order as required by M.R.Evid. 509(c)(2). The conditional order is designed to ensure that the State is apprised of the sanction it faces before it elects to protect the informant's identity by refusing to disclose. *See State v. Chase,* 439 A.2d 526, 532 (Me.1982). Had the Superior Court followed this procedure, neither the prosecution nor this Court would be required to speculate as to the nature of any sanction.

2. If the State ultimately suffers a dismissal or some other serious harm and files a new appeal pursuant to 15 M.R.S.A. § 2115–A, this Court may entertain the appeal without further briefs or oral argument.