**STATE of Maine**

v.

**Kurt SHELLHAMMER.**

Supreme Judicial Court of Maine.

Argued March 18, 1988.
Decided May 3, 1988.

R. Christopher Almy, Dist. Atty., Philip Worden (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Lawrence A. Lunn (orally), Lunn & Growe, Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

NICHOLS, Justice.

In a prosecution for operating a motor vehicle while under the influence of intoxicating liquor, the State appeals from an order of the District Court (Bangor) denying its motion *in limine* to establish the admissibility of the Defendant's statement that he was the operator of the vehicle in question. The State argues that the District Court ruled as it did on the erroneous conclusion that 29 M.R.S.A. § 1312(8–A) (Supp.1987) is unconstitutional.

We agree that it was error and we vacate the order of the District Court.

In the late evening of August 23, 1987, the State Police investigated an automobile that had gone off the Bagaduce Road in East Holden. The Defendant was the only person at the scene of the accident. With his breath smelling of alcohol, the Defendant admitted to the officer that he drove the vehicle to the scene and stated that he consumed no alcohol since the accident. When his blood-alcohol content was determined to be 0.19%, the Defendant was arrested for violating 29 M.R.S.A. § 1312–B(1)(B) (Supp.1987) (operating or attempting to operate a motor vehicle while having 0.10% or more by weight of alcohol in the blood).

On the day of trial in October, 1987, the State moved *in limine* to test the admissibility of the Defendant's statement that he operated this vehicle. The Defendant contended that the statement was inadmissible because the State had failed to establish first the *corpus delicti.* The State argued that 29 M.R.S.A. § 1312(8–A) (Supp.1987) abrogates the requirement of such proof:

Any statement by a defendant that he was the operator of a motor vehicle ... shall be admissible ... if it was made voluntarily and is otherwise admissible under the United States Constitution or the Constitution of Maine. The statement may constitute sufficient proof by itself, without further proof of corpus delicti, that the motor vehicle was operated and was operated by the defendant.

*Id.* The District Court found that this provision constitutes a legislative exercise of judicial power to establish rules of evidence in violation of Me. Const. art. III, § 2 and therefore excluded the statement.

At the threshold we determine whether this appeal is within the State's statutorily limited right of appeal. The State appeals under 15 M.R.S.A. § 2115–A(1) (1980) which provides in pertinent part:

An appeal may be taken by the State in criminal cases on questions of law from the District Court ... to the law court: From an order of the court prior to trial which suppresses any evidence, including ... evidence of a confession or admission; ... or, from any other order of the court prior to trial which, either under the particular circumstances of the case or generally for the type of order in question, has a reasonable likelihood of causing either serious impairment to or termination of the prosecution.

*Id.* The District Court's exclusion of the Defendant's admission seriously impairs the prosecution because it creates a reasonable likelihood that the State cannot otherwise prove operation. As even the Defendant concedes, the order has "produced a significant setback to the State's attempt to bring the accused to justice." *State v. Drown,* 447 A.2d 466, 470–71 (Me.1982).

This appeal is, therefore, properly within the State's limited right of appeal.[1]

■ Contrary to the District Court's finding that section 1312 is unconstitutional because the Legislature purported to exercise a judicial power to establish rules of evidence, this Court has specifically held that the Legislature has the power to prescribe rules of evidence provided they pass constitutional muster. *Ziehm v. Ziehm,* 433 A.2d 725, 727 (Me.1981). *See also State v. Davis,* 483 A.2d 740, 743 (Me.1984) (applying 29 M.R.S.A. § 2298–B (Supp. 1983–1984)).

The "power of the Legislature to change or modify existing rules of evidence, or to establish new ones, has been exercised too long to be a matter of doubt." *Mansfield v. Gushee,* 120 Me. 333, 336, 114 A. 296, 298 (1921). Accordingly, section 1312(8–A) does not violate Me. Const. art. III, § 2. The District Court erred in its order.

The entry is:

Order denying State's motion *in limine* vacated.

Remanded for proceedings consistent with the opinion herein.

All concurring.

---

1. Any concern that the policy of limiting State appeals is violated by allowing the State to appeal from its own motion *in limine* is allayed by the "serious impairment" requirement. *See State v. Chase,* 501 A.2d 806, 807 (Me.1985) (appeal dismissed as premature because no serious impairment to prosecution shown). Likewise, any concern that the ruling is not a final judgment because M.R.Crim.P. 12(c) ruling are modifiable is not pertinent here because the record clearly indicates a commitment by the District Court to stand by its ruling at the trial that was to occur immediately following the hearing on the motion.