2000 ME 54

**STATE of Maine**

v.

**Craig BRACKETT.**

Supreme Judicial Court of Maine.

Argued Jan. 5, 2000.

Decided March 30, 2000.

Norman R. Croteau, District Attorney, James A. Andrews, Asst. Dist. Atty., (orally), Farmington, for State.

Walter Hanstein III, Esq., (orally), Joyce, Dumas, David & Hanstein, P.A., Farmington, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] The State of Maine appeals, pursuant to 15 M.R.S.A. § 2115–A (1980) and M.R.Crim. P. 37B, from an order entered in the Superior Court (Franklin County, *Mills, J.*) denying its motion in limine to exclude statements of past prostitution made by the alleged victim of a gross sexual assault. The State argues that the evidence should have been excluded pursuant to M.R. Evid. 412. We dismiss the appeal as premature.

[¶ 2] Defendant Craig Brackett was indicted on one count of kidnapping, (Class B), 17–A M.R.S.A. § 301 (1983); two counts of gross sexual assault, (Class A), 17–A M.R.S.A. § 253(1)(A) (Supp.1999); one count of burglary, (Class C), 17–A M.R.S.A. § 401 (1983 & Supp.1999); and two counts of criminal threatening with the use of a dangerous weapon, (Class C), 17–A M.R.S.A. § 209 (1252) (1983). The State filed a motion in limine requesting that, pursuant to M.R. Evid. 412, any evidence regarding the past sexual behavior of the victim, including any reference to prostitution, be excluded by the court. After a non-testimonial hearing, the court denied the State's motion and the State appeals.

[¶ 3] The only facts before the court were defendant's attorney's recitation of the facts during the hearing and may be summarized as follows: Defendant met a woman at a social club in Lewiston. The social club is a place where, among other things, prostitution takes place. According to the alleged victim, defendant and she went out to a car to smoke marijuana. He then drove her approximately an hour and a half to a remote location and subjected her to gross sexual assault. When

they stopped for coffee and soda at a convenience store on the way back; she tried to call a girlfriend, could not reach her, and then called 911 and reported that the person with her had raped her. According to defendant, when defendant and the victim were in the car smoking marijuana, he offered her money if she would spend the night with him and she agreed. The alleged victim told the police that she was a prostitute up until two years ago. She told a friend that she was a prostitute up until two months ago. She had no visible means of support, she had no job, she was at the social club, and she had a beeper.

[¶ 4] At the hearing on the motion in limine, defendant's attorney argued that the statement made by the alleged victim to the investigating officer concerning her past prostitution went to the core of his defense—that defendant offered her money to have sex with him and that she consented. He argued the evidence was also relevant because the statement she made to the police officer that she was a prostitute two years ago and the statement she made to her friend that she was a prostitute two months ago were inconsistent. The State argued that the evidence should have been excluded pursuant to M.R. Evid. 412.[1] The State argued that reputation evidence of past prostitution should be inadmissible on the issue of consent of the victim when the defendant stands charged with gross sexual assault. Even if evidence could be excluded on the

issue of consent pursuant to Rule 412, defendant argued that excluding the evidence of past prostitution denies him the Sixth Amendment guarantees of confrontation and cross-examination. The State argued that, because the evidence lacked probative value, defendant's constitutional rights were not denied. The State also argued that, even if the evidence was relevant and probative, M.R. Evid. 403 should apply and that the prejudicial effect would outweigh the probative value of it. The court refused to accept any of the State's arguments and denied its motion.

█ [¶ 5] The State's right to appeal an interlocutory order is established in section 2115–A(1), which provides in pertinent part as follows:

> An appeal may be taken by the State in criminal cases on questions of law from the District Court and from the Superior Court to the law court: ... from any other order of the court prior to trial which, either under the particular circumstances of the case or generally for the type of order in question, has a reasonable likelihood of causing either serious impairment to or termination of the prosecution.

15 M.R.S.A. § 2115–A(1) (1980). In order to determine whether an appeal meets the requirements of section 2115–A(1), we look for " 'any reasonable likelihood that the State will be handicapped in trying the defendant.' " *State v. Patterson*, 651 A.2d 362, 365 (Me.1994) (citation omitted). As

---

1. Rule 412 provides in its entirety as follows:
   Rule 412. Past Sexual Behavior of Victim
   **(a)** In a criminal case in which a person is accused of rape, gross sexual assault, gross sexual misconduct, unlawful sexual contact, or sexual abuse of a minor, reputation or opinion evidence of past sexual behavior of an alleged victim of such crime is not admissible.
   **(b)** In a criminal case in which a person is accused of rape, gross sexual assault, gross sexual misconduct, unlawful sexual contact, or sexual abuse of a minor, the only evidence of a victim's past sexual behavior that may be admitted is the following:

   (1) Evidence of specific instances of sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury; or
   (2) Evidence of specific instances of sexual behavior with the accused offered by the accused on the issue of whether the alleged victim consented to the sexual behavior with respect to which the accused is charged.
   M.R. Evid. 412.

the State argues, the admission of evidence regarding the past prostitution of the victim is reasonably likely to cause serious impairment to the prosecution. The Advisory Committee Note to Rule 412 notes that "[t]he danger in the admission of such evidence is the likelihood that it will provoke moral and emotional reactions in the trier of fact increasing the risk of unfair prejudice." M.R. Evid. 412 advisory committee note to 1983 amend., Me. Rptr., 449–458 A.2d LXX, Field & Murray, *Maine Evidence* 179 (2000 ed.1999).

[¶ 6] We find, however, that the appeal is premature because it comes to this Court on a motion in limine, which ruling is not final until the evidence is offered at trial. *See State v. Pinkham,* 586 A.2d 730, 731 (Me.1991). We must examine each case "to determine whether entertaining the appeal is consistent with the strong public policy against piecemeal appeals and the impossibility of this court's serving as an advisory board to trial lawyers and judges." *State v. Doucette,* 544 A.2d 1290, 1294 (Me.1988), *cited in State v. Patterson,* 651 A.2d 362, 365 (Me.1994). Moreover, in criminal cases, we are also dealing with the following concerns:

"[T]he defendant has a constitutional right to a speedy trial, *see* Me. Const. art. I, § 6; and obviously, the members of the public, including both the victims of crime and taxpayers, have a great interest in bringing persons accused of crime to justice promptly and efficiently. Appeals taken by the State from pretrial orders inevitably delay the commencement of trial and add to the public cost.... The appeal [may] cause[ ] unnecessary consumption of public resources, on the part of the Law Court and also counsel for the State and for defendants...."

*State v. Doucette,* 544 A.2d 1290, 1293–94 (Me.1988) (quoting *State v. Drown,* 447 A.2d 466, 472 (Me.1982), *cited in State v. Patterson,* 651 A.2d at 368 (Glassman, J., dissenting)).

[¶ 7] Appeals from motion in limine rulings may be appropriate in some instances. We have cautioned trial courts in particular, however, to refrain from making Rule 403 rulings in limine without the benefit of a more complete view of the evidence found at trial, *see State v. Patterson,* 651 A.2d 362, 367 (Me.1994), and are hesitant to entertain appeals from motion in limine rulings involving the relevancy, probative value and prejudicial effect of the evidence for the same reasons. We made an exception on the facts in *State v. Patterson,* because it was known that the motion justice was to preside at the trial to be held the following week and because the motion justice told the defendant "he could go to the bank" with his ruling. *Id.* at 366. That is not the case here. The motion justice might not be the trial justice in this case, and the trial justice may change a ruling made in limine for good cause shown at trial. *See* M.R.Crim. P. 12(c). Once the trial unfolds, the theoretical facts presented in the motion in limine may differ from the actual facts presented at trial. Those actual facts may influence and change the trial justice's determination of the relevance, probative value or prejudicial effect of the subject evidence. Therefore, although we recognize the potential importance of the issues raised, it is premature for us to make a determination without the benefit of the actual facts presented at the trial.

The entry is:

Appeal dismissed.

CLIFFORD, J., with whom SAUFLEY, J., joins, dissenting.

[¶ 8] Because, in my view, the order appealed from has more than a reasonable likelihood of causing serious impairment to the prosecution of the State's case within the meaning of 15 M.R.S.A. § 2115-A(1) (1980), and, although issued on a motion in limine, is not the kind of in limine order at all likely to be changed and will almost certainly govern the evidence in this case,

and because the order is clearly contrary to M.R. Evid. 412, I respectfully dissent.

[¶ 9] M.R. Evid. 412 provides as follows:

Rule 412. Past Sexual Behavior of a victim.

(a) In a criminal case in which a person is accused of rape, gross sexual assault, gross sexual misconduct, unlawful sexual contact, or sexual abuse of a minor, reputation or opinion evidence of past sexual behavior of an alleged victim of such crime is not admissible.

(b) In a criminal case in which a person is accused of rape, gross sexual assault, gross sexual misconduct, unlawful sexual contact, or sexual abuse of a minor, the only evidence of a victim's past sexual behavior that may be admitted is the following:

(1) Evidence of specific instances of sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury; or

(2) Evidence of specific instances of sexual behavior with the accused offered by the accused on the issue of whether the alleged victim consented to the sexual behavior with respect to which the accused is charged.

Rule 412 excludes evidence of past sexual behavior of an alleged victim of a sexual assault except in very limited circumstances not present here. Evidence of prior sexual activity on the part of an alleged victim of sexual abuse is admissible on the issue of consent *only* if the evidence goes to "specific instances of sexual activity with the accused." M.R. Evid. 412(b)(2). The Superior Court's order, however, allows the defendant to use as evidence of consent admissions by the alleged victim that prior to the assault she had worked as a prostitute, despite the fact that there is no evidence of prior sexual activity between the alleged victim and the defendant, and that the defendant was unaware of any such admissions at the time of the alleged assault.

[¶ 10] The Superior Court's ruling is in clear violation of both the letter and the spirit of Rule 412. *See State v. Philbrick,* 551 A.2d 847, 851 (Me.1988). *See also* Field & Murray, *Maine Evidence* § 412.1 at 181–182 (2000 ed.) (admission of past sexual behavior of victim "often would convert a rape or sexual assault case into a trial not of the accused, but of the victim"); *see also United States v. Saunders,* 943 F.2d 388, 392 (4th Cir.1991) ("intolerable to suggest that because the victim is a prostitute, she automatically is assumed to have consented with anyone at any time").

[¶ 11] The State may appeal from a pretrial order in a criminal case when that order "has a reasonable likelihood of causing ... serious impairment to ... the prosecution." 15 M.R.S.A. § 2115–A(1) (Supp.1999).[2] Section 2115–A(1) is to be liberally construed. *See* 15 M.R.S.A. § 2115–A(6) (Supp.1999). The State's case is seriously impaired if there is " 'any reasonable likelihood that the State will be handicapped in trying the defen-

---

2. Title 15 M.R.S.A. § 2115–A provides in pertinent part:

**1. Appeals prior to trial.** An appeal may be taken by the State in criminal cases on questions of law from the District Court and from the Superior Court to the law court: From an order of the court prior to trial which suppresses any evidence, including, but not limited to, physical or identification evidence or evidence of a confession or admission; from an order which prevents the prosecution from obtaining evidence; from a pretrial dismissal of an indictment, information or complaint; or from any other order of the court prior to trial which, either under the particular circumstances of the case or generally for the type of order in question, has a reasonable likelihood of causing either serious impairment to or termination of the prosecution.

. . . .

**6. Liberal construction.** The provisions of this section shall be liberally construed to effectuate its purposes.

. . . .

**8. Fees and costs.** The Law Court shall allow reasonable counsel fees an costs for the defense of appeals under this section.

dant.'" *See State v. Patterson,* 651 A.2d 362, 365 (Me.1994) (quoting *State v. Doucette,* 544 A.2d 1290, 1292 (Me.1988)). Because evidence of the alleged victim's past prostitution is likely to "provoke moral and emotional reactions in the trier of fact increasing the risk of unfair prejudice," *see* M.R. Evid. 412 advisory committee's note to 1983 amend., Field & Murray, *Maine Evidence* 179 (2000), it is clear that the State has met the "serious impairment" standard in this appeal.

[¶ 12] The Court, however, declines to accept this appeal, concluding it is premature because it comes to us as on appeal from an in limine ruling. Although it is true that an in limine ruling is not final and is subject to change for good cause, *see* M.R.Crim. P. 12(C), motions in limine are very useful tools to resolve questions of the admissibility of evidence prior to the trial, *see State v. Gagnon,* 383 A.2d 25, 27 (Me.1978). Their use should be encouraged. *See id.; see also State v. Barlow,* 320 A.2d 895, 903 (Me.1974); *Gendron v. Pawtucket Mut. Ins. Co.,* 409 A.2d 656, 659, (scholarly comment has consistently supported use of motions in limine); *United States v. Oakes,* 565 F.2d 170, 173 (1st Cir.1977) (trial courts encouraged to use motions in limine to obtain advance rulings in proper cases); Field & Murray, *Maine Evidence* § 103.7 at 23–24 (2000 ed.) (admissibility of prior conviction of witnesses routinely determined by motions in limine before witness testifies).

[¶ 13] I agree with the Court that we should not entertain an appeal from an in limine ruling that is susceptible to being changed at trial. The ruling in this case, however, is similar to that in *State v. Shellhammer,* 540 A.2d 780 (Me.1988), wherein we accepted the State's appeal of an adverse ruling on the admissibility of the defendant's statement that he was the operator of the vehicle. *See id.* at 781. Like the in limine ruling in *Shellhammer,* the in limine ruling in this case is one made for the purpose of governing the conduct of the trial. *See Gendron v. Pawtucket Mut.*

*Ins. Co.,* 409 A.2d at 659 (discussion of difference between in limine orders intended to be "absolute" and those intended to be "preliminary" only, subject to an additional final ruling). The ruling appealed from in this case is not dependent on what other evidence is admitted at trial, is very unlikely to be changed by the trial court, and seriously impairs the prosecution.

[¶ 14] I would accept the State's appeal and vacate the Superior Court's ruling on the admissibility of prior sexual activity on the part of the victim.