STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CRIMINAL ACTION
                                                  DOCKET NO: CR-09-9716

STATE OF MAINE

                                                          ORDER

    v.

KAILE R. WARREN, JR. et al.,

                Defendants

 

 

 

        Attorney Timothy J. Bryant and Preti, Flaherty, Beliveau & Pachios, LLP

motion to quash two subpoenas issued on February 26, 2010.

## BACKGROUND

        Defendant Kaile R. Warren has been charged with theft by deception,

securities fraud, and selling unregistered securities. Assistant Attorney General

Michael Colleran is leading the State's investigation into Mr. Warren's activities.

On February 26, 2010, attorney Colleran issued subpoenas to Timothy J. Bryant,

Esquire, and Preti, Flaherty, Beliveau & Pachios, LLP (the Firm). Mr. Bryant is a

member of the Firm and had provided legal services to Mr. Warren and his

business entities, KW Enterprises, Inc., and Rent-A-Husband, LLC. On March 12,

2010, Mr. Bryant and the Firm filed this Motion to Quash the subpoenas.

        The subpoenas are identical in form and command Mr. Bryant and the

Firm to appear and testify before a grand jury. They also seek the following

records: "[A]ll documents constituting or summarizing communications" with

Mr. Warren during 2007 and 2008; "[A]ll minutes of Board of Directors

meetings" for Mr. Warren's business entities; "[A]ll versions of convertible

1

promissory notes and subscription agreements prepared" for Mr. Warren's

business entities; "[A]ll billing records for services provided" to Mr. Warren's

business entities; and All communications with Mr. Warren "during 2002 or 2005

regarding the form of promissory notes to be issued . . . or the form of

subscription agreement related to the notes, including any revisions to the form."

The State did not file a motion in limine under Rule 17(d) before serving the

subpoenas.

Mr. Bryant has already testified before the Grand Jury in this case. In 2009

the State subpoenaed Mr. Bryant to have him testify about his communications

with Mr. Warren regarding:

> 1. [V]aluation figures contained within convertible promissory
> notes allegedly drafted by you or those working with you,
> including the source and basis for the figures and any
> communications you had with Warren regarding the figures;
> and 2. Disclosures in subscription agreements allegedly drafted
> by you or those working with you regarding the issuer's
> prospect for future losses, including any communications . . .
> with Warren regarding the disclosures."

Order on Defendant's Motion to Quash, State v. Warren, CR-09-9716 (Me. U.

Crim. Ct., Cum. Cty., Jan. 29, 2010) (Moskowitz, J.). The subpoena also

commanded Mr. Bryant to produce "any and all documents dated after your

attorney-client relationship with Warren ended that expressly waive or appear to

expressly waive Warren's attorney-client privilege, including any documents

that you or your counsel received in response to your counsel's letter . . . ." Id.

Mr. Warren filed a motion to quash on the grounds that the subpoena sought

information protected by attorney-client privilege.

A hearing was held on January 28, 2010. After taking evidence and

hearing arguments by counsel, the presiding judge ruled that Mr. Warren had

waived his attorney-client privilege with Mr. Bryant in regard to the sought-after

2

information. This ruling was based on two findings. First, the judge found that Mr. Warren had already knowingly and expressly disclosed privileged information about the specific issues identified in the subpoena. While doing so, Mr. Warren had raised his reliance on Mr. Bryant's counsel as a defense.

Second, Mr. Warren had signed a written waiver authorizing Mr. Bryant to speak freely with Attorney Colleran "without regard to rules or principles governing an attorney's obligations to clients and former clients with respect to confidences and secrets and privileged communications." *Id.* (internal quotations omitted). This waiver was intentionally, knowingly, and voluntarily executed, and by its terms is "general, unconditional and irrevocable." From this evidence, the presiding judge found that Mr. Warren had "waived his attorney-client privilege regarding the specific issues delineated in he [sic] State's subpoena . . . [and] waived his attorney-client privilege generally as to communications he had with Attorney Bryant . . . . The defendant intentionally and voluntarily waived his attorney-client privilege, and he cannot revive it."[1] *Id.*

The State asserts that this prior order conclusively established that no attorney-client privilege exists between Mr. Warren and Mr. Bryant or the Firm. Absent such protection, the State believes it was entitled to subpoena Mr. Bryant and the Firm without prior court approval. Mr. Bryant and the Firm disagree. They contend that the privilege has not been clearly and absolutely waived, and that Maine Rule of Criminal Procedure 17(d) requires the State to obtain court

---

[1] When the holder of a privilege intentionally and voluntarily discloses information protected by the privilege, the reason for the privilege disappears and it cannot be revived. *In re Whiting*, 110 ME 232, 234, 85 A. 791, 792 (Me. 1913); *see* Field & Murray, *Maine Evidence* §§ 502.5, 510 (2000 ed.). Similarly, where a person bases a claim or defense on reliance on the advice of counsel, the person cannot assert attorney-client privilege to prevent investigation of that advice. *Jensen v. S.D. Warren Co.*, 2009 ME 35, ¶¶ 31–34, 968 A.2d 528, 536–37; Field & Murray, *Maine Evidence* § 510.1 (2000 ed.).

3

approval before subpoenaing Mr. Warren's former attorney.[2] They argue that the information sought by the State could still be protected under the Fourth or Fifth Amendments of the Constitution, the Rules of Professional Responsibility, or Maine Rule of Evidence 502.

## DISCUSSION

Rule 17(d) requires a party issuing a subpoena that it knows

> seeks the production of documentary evidence that may be protected from disclosure by a privilege, confidentiality protection or privacy protection under federal law, Maine law or the Maine Rules of Evidence . . . [to] file a motion in limine, pursuant to Rule 12, prior to serving the subpoena. The motion shall contain a statement of the basis for seeking production of the documentary evidence that may be privileged or protected and shall be accompanied by a copy of the yet unserved subpoena.

M.R. Crim. P. 17(d).

"The existence of a privilege is a preliminary question for the court." *Rich v. Fuller*, 666 A.2d 71, 74 (Me. 1995) (citing M.R. Evid. 104(a)). Whether a privilege applies to specific disclosures or has been waived is a question of fact to be determined by the presiding justice. *See In re Motion to Quash Bar Counsel Subpoena*, 2009 ME 104, ¶ 20, 982 A.2d 330, 338 (reviewing court examines the trial justice's ruling to ensure that the correct legal test was applied, and that the evidence supports the determination of a privilege's applicability).

One basis for Mr. Bryant and the Firm's Motion to Quash are Maine's Rules of Professional Conduct. They contend that Rules 1.6 and 1.9 require them to maintain former client confidences on penalty of professional discipline, and this in turn requires any subpoena for potentially protected information to be vetted under M.R. Crim. P. 17(d). A similar argument was rejected in the prior

[2] Mr. Warren has attempted to revoke his written waiver, and currently takes the position that the attorney-client privilege with Mr. Bryant and the Firm is intact.

4

order, and it continues to be without merit. Rule 17(d) does not refer to the Rules of Professional Conduct by name. The only way the Rules of Professional Conduct could come within the scope of Rule 17(d) is if they are "Maine law."

The Rules of Professional Conduct are by their own terms "not designed to be a basis for civil liability" or "invoked by opposing parties as procedural weapons." M.R. Prof. Conduct Preamble(20). The Rules of Professional Conduct are only guides for professional behavior. *Id.* Consequences for their violation are personal to the attorney, and have no bearing on questions of evidence or procedure. *See State v. McCarthy*, 2003 ME 40, ¶¶ 16–17, 819 A.2d 335, 341 (holding that the consequences for a possible violation of a Maine Bar Rule were personal to the prosecutor and would not result in the suppression of evidence) (citing *People v. Green*, 274 N.W.2d 448, 454 (Mich. 1979) ("The admissibility of evidence in a court of law . . . is normally determined by reference to relevant constitutional and statutory provisions, applicable court rules and pertinent common-law doctrines. Codes of professional conduct play no part in such decisions . . . ."); *State v. Morgan*, 646 P.2d 1064, 1070 (Kan. 1982) ("The function of the Code of Professional Responsibility is to prescribe the standards of conduct for members of the bar. The provisions of the Code are unrelated to the admission of evidence."); *State v. Decker*, 641 A.2d 226, 230 (N.H. 1994) ("The New Hampshire Rules of Professional Conduct are aimed at policing the conduct of attorneys, not at creating substantive rights on behalf of third parties.")). The Rules of Professional Conduct are not "Maine law" as the term is used in M.R. Crim. P. 17(d). Whether Mr. Bryant or the Firm could be sanctioned under them for complying with the State's requests has no bearing on whether the State was required to file a motion in limine before serving the subpoenas.

5

Mr. Bryant and the Firm also raise Mr. Warren's Fourth and Fifth Amendment rights as possible bases for quashing the State's subpoenas. The privileges granted under the Fourth and Fifth Amendments are personal and cannot be asserted on another's behalf. *Minn. v. Carter*, 525 U.S. 83, 88 (1998) (fourth amendment); *George Campbell Painting Corp. v. Reid*, 392 U.S. 286, 288–89 (1968) (fifth amendment). Mr. Warren has not joined the current Motion to Quash, and Mr. Bryant and the Firm lack standing to assert his constitutional rights.

They do, however, have standing to raise the final identified basis for the Motion to Quash. Maine Rule of Evidence 502 protects confidential communications between an attorney and his or her client. Clients hold the privilege, but attorneys may assert it on their clients' behalf. M.R. Evid. 502(c). A client can intentionally and voluntarily waive the privilege by disclosing "any significant part of the privileged matter." M.R. Evid. 510; *Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶¶ 19–20, 742 A.2d 933, 941. There is no question that the sort of information sought in the subpoenas is the sort that would come within Rule 502(b)'s privilege absent waiver or one of the exceptions outlined in Rule 502(d).

The question before this Court is not whether Mr. Warren waived his attorney-client privilege. This Court is instead asked to determine whether a Rule 17(d) evidentiary hearing was required to determine whether the privilege applied to the subpoenaed information. To answer this question, the Court must determine whether the issue was resolved by the prior order of January 29, 2010. The State urges the Court to find that this prior order established the law of the

case and precludes any further inquiry into the existence of attorney-client privilege.

The law of the case doctrine "is an articulation of the wise policy that a judge should not in the same case overrule or reconsider the decision of another judge of coordinate jurisdiction. . . . It relates only to questions of law, and it operates only in subsequent proceedings in the same case." *Blance v. Alley*, 404 A.2d 587, 589 (Me. 1979). The State's position has considerable appeal on its surface. Another judge recently ruled on the same issue of privilege now before this Court. There, the State had subpoenaed information about attorney-client communications from Mr. Bryant. Mr. Warren, the client, opposed the subpoena by asserting attorney-client privilege. After an evidentiary hearing, the presiding judge used broad language to find that Mr. Warren had waived all privilege in regard to his communications with Mr. Bryant. A cursory reviewer would be excused for believing this a "classic occasion" for application of the law of the case doctrine. *Sprague v. Washburn*, 447 A.2d 784, 786–87 (Me. 1982).

However, the existence of a privilege is technically a question of fact, and the doctrine only applies to questions of law. *Id.* Furthermore, trial courts have been cautioned against applying the doctrine to preliminary evidentiary questions. *See Maine v. Brackett*, 2000 ME 54, ¶ 7, 754 A.2d 337, 339 ("[A]ctual facts may influence and change the trial justice's determination of the relevance, probative value or prejudicial effect of the subject evidence.") In any event, the doctrine is not binding. *Sprague*, 447 A.2d at 787.

Mr. Bryant and the Firm have the better argument in favoring another evidentiary hearing. While the prior order speaks in broad language, the presiding justice was faced with a subpoena requesting information on three

7

well-defined topics. The ruling was also based in part on the fact that Mr. Warren had specifically waived his privilege by giving testimony on those topics. The current subpoenas constitute a much broader and open-ended inquiry into "[a]ny and all documents constituting or summarizing communications . . . during 2007 and 2008 . . . ."

Given this expanded scope of inquiry and the prior ruling's lack of binding precedential weight, Mr. Bryant and the Firm correctly argue that the January 29, 2010 order does not dispose of the current Motion to Quash. That order should not be read to definitively dispose of Mr. Warren's attorney-client privilege writ large. It follows that the State had reason to know it sought "the production of documentary evidence that may be protected from disclosure by a privilege," and was thus obligated to file a Rule 17(d) motion in limine before serving the subpoenas.

Under the circumstances, the State knew that the sought-after information might be protected by attorney-client privilege. It's failure to determine the non-existence of that privilege by filing a motion in limine under M.R. Crim. P. 17(d) before serving the subpoenas renders those subpoenas deficient.

**The entry is:**

Timothy J. Bryant and Preti, Flaherty, Beliveau & Pachios, LLP's Motion is granted and the subpoenas issued on February 26, 2010 are quashed without prejudice.

DATE: _April 7, 2010_ 

_____
Roland A. Cole
Justice, Superior Court

STATE OF MAINE
   vs
KAILE R WARREN, JR                                    Docket No  CUMCD-CR-2009-09716
16 GIN MILL LANE
WINDHAM ME 04062                                         DOCKET RECORD

DOB: 07/26/1959
Attorney: DANIEL LILLEY                       State's Attorney: MICHAEL COLLERAN
          DANIEL G LILLEY LAW OFFICE
          39 PORTLAND PIER
          PO BOX 4803
          PORTLAND ME 04112
          LIMITED 01/21/2010
Attorney: LEE BALS
          MARCUS CLEGG & MISTRETTA PA
          ONE CANAL PLAZA SUITE 600
          PORTLAND ME 04101-4035
          WITHDRAWN 01/15/2010

Filing Document: INDICTMENT                   Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 12/11/2009

## Charge(s)

**1   THEFT BY DECEPTION                        12/17/2003 PORTLAND**
**Seq 8431  17-A  354(1)(B)(1)          Class B**


**2   MAINE REVENUE SECURITIES ACT VIOLATION    12/17/2003 PORTLAND**
**Seq 3526  32    10604(1)              Class C**


**3   SELL OR OFFER UNREGISTERED SECURITY       12/17/2003 PORTLAND**
**Seq 7612 ·32    10401                 Class F**


## Docket Events:

12/17/2009 FILING DOCUMENT -  INDICTMENT FILED ON 12/11/2009

12/17/2009 Charge(s): 1,2,3
           HEARING -  ARRAIGNMENT SCHEDULED FOR 01/21/2010 @ 8:30 in Room No.  1

12/17/2009 Charge(s): 1,2,3
           HEARING -  ARRAIGNMENT NOTICE SENT ON 12/17/2009

01/06/2010 MOTION -  MOTION TO QUASH SUBPOENA FILED BY THIRD PRTY ON 12/31/2009

           Attorney:  LEE BALS
           FILED TO QUASH SUBPEONA SERVED ON TIMOTHY J. BRYANT, ESQ
01/06/2010 OTHER FILING -  OTHER DOCUMENT FILED ON 01/05/2010

           DA:  MICHAEL COLLERAN
           WITH ATTACHED EXHIBITS
01/06/2010 HEARING -  MOTION TO QUASH SUBPOENA SCHEDULED FOR 01/05/2010 @ 3:00 in Room No.  10

NOTICE  TO PARTIES/COUNSEL
01/06/2010 HEARING -  MOTION TO QUASH SUBPOENA CONTINUED ON 01/05/2010
        JEFF  MOSKOWITZ , JUDGE
        Reporter: TIMOTHY THOMPSON
01/06/2010 HEARING -  MOTION TO QUASH SUBPOENA SCHEDULED FOR 01/28/2010 @ 1:00 in Room No.  8
        JEFF  MOSKOWITZ , JUDGE
        NOTICE  TO PARTIES/COUNSEL
01/06/2010 HEARING -  MOTION TO QUASH SUBPOENA NOTICE SENT ON 01/06/2010


01/06/2010 ORDER -  COURT ORDER ENTERED ON 01/05/2010
        JEFF  MOSKOWITZ , JUDGE
        ORAL ORDER ISSUES THAT ANY MEMORANDA OR BRIEF TO BE FILED ON THE MOTION TO QUASH ISSUE
        SHALL BE FILED WITH THE COURT BY 1/25/2010
01/15/2010 Charge(s): 1,2,3
        MOTION -  MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 01/15/2010


01/15/2010 Party(s):  KAILE R WARREN JR
        ATTORNEY -  RETAINED ENTERED ON 01/15/2010


        Attorney:  LEE BALS
01/15/2010 Charge(s): 1,2,3
        MOTION -  MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 01/15/2010
        ROLAND A COLE , JUSTICE
        COPY TO PARTIES/COUNSEL
01/15/2010 Party(s):  KAILE R WARREN JR
        ATTORNEY -  WITHDRAWN ORDERED ON 01/15/2010


        Attorney:  LEE BALS
01/21/2010 BAIL BOND -  PR BAIL BOND FILED ON 01/21/2010


        Date Bailed: 01/21/2010
        988
01/21/2010 BAIL BOND -  PR BAIL BOND COND RELEASE ISSUED ON 01/21/2010
        PAUL E EGGERT , JUDGE
        Date Bailed: 01/21/2010
        988
01/22/2010 Party(s):  KAILE R WARREN JR
        ATTORNEY -  LIMITED ENTERED ON 01/21/2010


        Attorney:  DANIEL LILLEY
01/22/2010 Charge(s): 1,2,3
        HEARING -  ARRAIGNMENT HELD ON 01/21/2010
        PAUL E EGGERT , JUDGE
        Attorney:  DANIEL LILLEY
        DA:  MICHAEL COLLERAN
        Defendant Present in Court


        DEFENDANT INFORMED OF CHARGES.  21 DAYS TO FILE MOTIONS                TAPE 3619
01/22/2010 Charge(s): 1,2,3
        PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 01/21/2010
        PAUL E EGGERT , JUDGE
01/22/2010 HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 04/14/2010 @ 1:00 in Room No.  7

01/22/2010 Charge(s): 1,2,3
         TRIAL - JURY TRIAL SCHEDULED FOR 05/10/2010 @ 8:30 in Room No. 11

         NOTICE TO PARTIES/COUNSEL
01/26/2010 OTHER FILING - OTHER DOCUMENT FILED ON 01/25/2010

         STATE'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENA
01/28/2010 HEARING - MOTION TO QUASH SUBPOENA HELD ON 01/28/2010
         JEFF MOSKOWITZ , JUDGE
         TAPE 3631 INDEX 1446 TO 4502
01/28/2010 MOTION - MOTION TO QUASH SUBPOENA UNDER ADVISEMENT ON 01/28/2010
         JEFF MOSKOWITZ , JUDGE
02/01/2010 OTHER FILING - OTHER DOCUMENT FILED ON 01/29/2010

         Attorney: DARRICK BANDA
         DEF'S MENORANDUM IN SUPPORT OF MOTION TO QUASH SUBPEONA
02/01/2010 MOTION - MOTION TO QUASH SUBPOENA DENIED ON 01/29/2010
         JEFF MOSKOWITZ , JUDGE
         COPY TO PARTIES/COUNSEL                                    IT IS ORDERED:
         THE DEFENDANT'S MOTION TO QUASH SUBPEONA IS DENIED.  THE COURT WILL NOT STAY THE
         PROCEEDINGS FOR PURPOSES OF APPEAL AS REQUESTED BY THE DEFENDANT.
02/03/2010 Charge(s): 1,2,3
         MOTION - OTHER MOTION FILED BY DEFENDANT ON 02/03/2010

         MOTION TO RECORD GRAND JURY PROCEEDING
02/03/2010 Charge(s): 1,2,3
         MOTION - OTHER MOTION GRANTED ON 02/03/2010
         ROLAND A COLE , JUSTICE
         MOTION TO RECORD GRAND JURY PROCEEDING                       TAPE IN SAFE
02/25/2010 Charge(s): 1,2,3
         MOTION - OTHER MOTION FILED BY DEFENDANT ON 02/24/2010

         DEFENDANTS MOTION TO CLARIFY COURTS RULING REGARDING DEFENDANTS MOTION TO RECORD AND
         PRESERVE GRAND JURY TESTIMONY
03/01/2010 Charge(s): 1,2,3
         MOTION - OTHER MOTION GRANTED ON 02/25/2010
         ROLAND A COLE , JUSTICE
         DEFENDANTS MOTION TO CLARIFY COURTS RULING REGARDING DEFENDANTS MOTION TO RECORD AND
         PRESERVE GRAND JURY TESTIMONY
                                         ALL FUTURE GRAND JURY PROCEEDINGS ARE TO
         BE RECORDED.
03/01/2010 Charge(s): 1,2,3
         MOTION - MOTION TO QUASH SUBPOENA FILED BY THIRD PRTY ON 03/01/2010

03/01/2010 Charge(s): 1,2,3
         MOTION - MOTION TO QUASH SUBPOENA GRANTED ON 03/01/2010
         ROLAND A COLE , JUSTICE
         COPY TO PARTIES/COUNSEL
03/12/2010 MOTION - MOTION TO QUASH SUBPOENA FILED BY THIRD PRTY ON 03/12/2010

         JH
03/16/2010 Charge(s): 1,2,3

HEARING - MOTION TO QUASH SUBPOENA SCHEDULED FOR 03/17/2010 @ 11:00 in Room No. 11
ROLAND A COLE , JUSTICE
NOTICE TO PARTIES/COUNSEL
03/16/2010 Charge(s): 1,2,3
HEARING - MOTION TO QUASH SUBPOENA NOTICE SENT ON 03/15/2010


03/18/2010 HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 03/18/2010


04/08/2010 Charge(s): 1,2,3
HEARING - MOTION TO QUASH SUBPOENA HELD ON 03/17/2010
ROLAND A COLE , JUSTICE
Attorney: DANIEL LILLEY
DA: MICHAEL COLLERAN
ATTY. PETRECELLI
04/08/2010 MOTION - MOTION TO QUASH SUBPOENA UNDER ADVISEMENT ON 03/17/2010


04/08/2010 MOTION - MOTION TO QUASH SUBPOENA GRANTED ON 04/07/2010

COPY TO PARTIES/COUNSEL
04/08/2010 ORDER - COURT ORDER ENTERED ON 04/07/2010
ROLAND A COLE , JUSTICE
TIMOTHY J BRYANT AND PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP'S MOTION IS GRANTED AND THE
SUBPOENAS ISSUED ON FRBRUARY 26, 2010 ARE QUASHED WITHOUT PREJUDICE

A TRUE COPY
ATTEST: _____
Clerk