**STATE of Maine**

v.

**Ronald PINKHAM.**

Supreme Judicial Court of Maine.

Argued Oct. 1, 1990.

Decided Feb. 7, 1991.

William Baghdoyan (orally), Asst. Dist. Atty., Skowhegan, for the State.

John Alsop (orally), Ketterer and Alsop, Norridgewock, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

ROBERTS, Justice.

This case is before us for the second time on the State's pretrial appeal of a suppression order. In this appeal the State contests an order of the District Court (Skowhegan, *Clark, A.R.J.*) suppressing defendant Ronald Pinkham's refusal to take an approved blood alcohol breath test on the basis that he already had taken an unapproved "ALERT" pre-screening test. Pinkham challenges the court's denial of his motion to suppress all evidence that was the fruit of the stop of his automobile by a Skowhegan police officer. We affirm the court's holding that the stop was lawful. Because we find that the court applied an incorrect legal standard to the breath test, however, we vacate that portion of the order suppressing Pinkham's refusal to take an approved breath test.

## I.

The facts of the stop are set forth in our opinion in *State v. Pinkham*, 565 A.2d 318, 318–19 (Me.1989) (*Pinkham I*). In that appeal we concluded that safety reasons alone can be sufficient to support an automobile stop if they are based upon specific and articulable facts. We vacated three existing suppression orders and remanded for the court to decide whether the officer's action in stopping Pinkham met this standard. Because Pinkham had been denied adequate cross-examination of the officer, we directed the court to take further testimony on Pinkham's motions to suppress evidence arising from the stop and the subsequent arrest.

On remand the parties submitted a transcript of the first hearing and offered further testimony of Officer Bonneau. He stated that following the stop he saw evidence of Pinkham's intoxication and admin-

istered field sobriety tests. The officer then arrested Pinkham but did not administer any *Miranda* warnings. Following his arrest Pinkham submitted to an unapproved ALERT test that required several breath samples before producing a result. When the officer advised Pinkham of the requirement that he take an approved test, Pinkham refused, stating that he had already taken a test. The court held that the stop was legitimate under the standard of *Pinkham I.* The court held, however, that the implied consent law, 29 M.R.S.A. § 1312 (Supp.1990), requires a driver to take only one breath test and the ALERT test taken by Pinkham satisfied that requirement. Once again the State appealed pursuant to 15 M.R.S.A. § 2115–A (1980 & Supp.1990).

## II.

■ Unlike the ruling that was the subject of appeal in *Pinkham I,* the present order of the District Court was not a suppression of illegally obtained evidence pursuant to M.R.Crim.P. 41A. The court merely ruled, in limine, that Pinkham's refusal was inadmissible because he had no statutory obligation to take a second breath test. *See* Field & Murray, *Maine Evidence* § 103.7 at 19–22 (2d ed.1987). That ruling does not become final, however, until the evidence is offered at trial. *See id.* § 103.7 at 20–21; M.R.Crim.P. 12(c) ("[f]or good cause shown the justice or judge presiding at trial may change a ruling made in limine."). Given "the strong public policy against piecemeal appeals and the impossibility of this court's serving as an advisory board to trial lawyers and judges," *State v. Doucette,* 544 A.2d 1290, 1294 (Me.1988), we should not entertain appeals by the State from in limine rulings.

We are mindful, however, that the prosecution of Pinkham commenced in August of 1988. Two appeals by the State have already resulted in considerable delay in the disposition of this case. Because the issues have been fully briefed and argued, we will proceed to address two of them, one raised by each party, in the interest of judicial economy and to avoid further delay.

## III.

■ The State argues that the ALERT test is not the test that is required by section 1312 because the apparatus is not approved and certified by the Department of Human Services. We agree. The purpose of the statute is to obtain admissible evidence of blood alcohol content and the result of an ALERT test is not admissible. *State v. Ifill,* 560 A.2d 1075, 1077 (Me. 1989). Because Pinkham refused to take an approved test, his refusal becomes admissible without regard to the absence of a *Miranda* warning. *State v. Allen,* 485 A.2d 953, 955 (Me.1984).

■ Pinkham argues that the court on remand failed to apply the appropriate test of the legality of Officer Bonneau's stop as outlined in our opinion in *Pinkham I,* 565 A.2d at 319–20, and in *State v. Caron,* 534 A.2d 978, 979 (Me.1987). We disagree. The transcript of the hearing on remand as well as the court's written order demonstrate that the court was aware of the necessity to determine whether the officer was justified in making the stop. We expressly stated in *Pinkham I* that the District Court must decide whether the facts available to the officer would warrant a man of reasonable caution in believing the stop was appropriate. 565 A.2d at 320. The court's observation that some officers might decline to stop in such circumstances does not diminish the significance of its other findings.

The entry is:

Order suppressing evidence of test refusal vacated; order in all other respects affirmed.

All concurring.