STATE OF MAINE                         SUPERIOR COURT
CUMBERLAND, SS.                        CRIMINAL ACTION
                                       DOCKET NO. CR-10-3625
                                       Jri MW — CUm-  ' ˙   ⸲ ⁊⸱⸱

STATE OF MAINE,            )
                          )
            v.            )          ORDER ON MOTION TO SUPPRESS
                          )
TARYN A. McCRACKEN,       )
            Defendant.    )


This matter came before the court for hearing on November 3, 2010 on defendant's

motion to suppress in which she is challenging the stop and probable cause for arrest. Defendant

contends that the State lacked reasonable, articulable suspicion to stop her vehicle for a

registration plate light violation and probable cause to arrest her for operating a motor vehicle

while under the influence of alcohol. The officer's sole basis for the stop was the registration

plate light violation, which the officer never confirmed once the stop occurred; therefore, the

defendant argues, the stop was pretext or based on a hunch.

## FACTS

The salient facts relevant to this issue are as follows:

At approximately 12:25 a.m. on May 30, 2010, Patrol Officer Seth Page was on patrol on

Elm Street in South Portland when he observed a red Oldsmobile drive past him on Broadway.

At the time of the observation the officer was stopped at a blinking red light at the intersection of

Broadway and Elm.  The officer believed that the rear registration plate light on the right side

was out because the right side of the plate was not illuminated; therefore, the officer pulled out

onto Broadway and followed the vehicle to make a traffic stop. When the officer stopped his

vehicle behind the red Oldsmobile he asked a citizen observer riding along with him if he knew

of the intersection." *Id.* at 320. As in *Pinkham*, here there is no evidence that this was a random stop or that the safety justification was only a pretext. In this case, there was the officer's observation that the right side of the registration plate was not illuminated as required by law. The video displayed at the hearing did not shed light on whether the registration plate was illuminated. This court concludes that a police officer had specific and articulable facts to justify stopping and warning a driver when he observed what he thought was a civil infraction. In so ruling, the court rejects defendant's argument that because the officer never followed up to check and see whether the registration light was out, it must have been a mere hunch and cannot supply reasonable articulable suspicion.

And, since this was a valid stop, the officer's action of asking for license and identification was not only reasonably related in scope to the circumstances which justified the stop in the first place, but the officer now had new probable cause (based, in part, on the glossy and bloodshot eyes and the underage of the driver) to believe that a new offense was occurring or had occurred to justify further intrusion into the privacy rights of the occupant of the red Oldsmobile. See *State v. Hill*, 606 A. 2d 793, 795 (Me. 1992).

2.      Probable Cause to Arrest

The defendant's argument that the officer lacked probable cause to arrest her fails because "[t]he probable cause standard for requiring a person to take a blood-alcohol test has a very low threshold." *State v. Forsyth*, 2002 ME 75, ¶ 14, 795 A. 2d 66, 70 (citations omitted) "For there to be probable cause for OUI, an officer only needs evidence sufficient to support the reasonable belief 'that the person's senses are affected to the slightest degree, or to any extent, by alcohol that the person has had to drink.'" *Id.* (citing *State v. Webster*, 2000 ME 115, ¶ 7, 754 A. 2d 976, 978). Probable cause has been found on as little evidence as an improper u-turn, smell

DISCUSSION

1. The Stop

"In order to support a brief investigatory stop of a motor vehicle, such as the stop in this case, a police officer must have an objectively reasonable, articulable suspicion that either criminal conduct, a civil violation, or a threat to public safety has occurred, is occurring, or is about to occur. The officer's suspicion that any of these circumstances exist must be objectively reasonable in the totality of the circumstances." *State v Sylvain*, 2003 ME 5, ¶ 11 (citations and quotation marks omitted). "[S]afety reasons alone can be sufficient to support an automobile stop if they are based upon specific articulable facts." *State v. Pinkham*, 586 A. 2d 730 (Me. 1991). However, the reasonable suspicion standard requires more than mere speculation. *State v. Chapman*, 495 A. 2d 314 (Me. 1995). "The court must find that the officer *actually* entertained the suspicion and that the suspicion was *reasonable* under the circumstances." *State v. Lear*, 1998 ME 273, ¶ 5, 722 A. 2d 1266, 1268 (citations omitted). "[T]he term 'reasonable and articulable suspicion' includes both subjective and objective components. *Id.*

There is a single articulated reason for the stop in this case: The officer stopped the red vehicle based upon the specific articulable fact that the right side of the rear registration plate was not illuminated and the light bulb on the right side appeared to be out. Failing to illuminate the rear registration plate is a traffic infraction. 29-A M.R.S.A. § 1909.[1] Failing to illuminate a registration plate is also a serious safety concern as evidenced by the law and the fact that it is an inspection violation. In *Pinkham I*, 565 A. 2d 318 (Me. 1989), the court concluded that that "the officer's observation of the defendant's misuse of the marked lanes could furnish 'specific articulable facts' to justify pulling him over for safety purposes to advise him of his improper use

---

[1] 29-A M.R.S.A. § 1909 provides: "A vehicle must have a white light capable of illuminating the rear registration plate so that the characters on the plate are visible for a distance of at least 50 feet."

why the officer had stopped the vehicle and then explained that he had stop this vehicle because the right side bulb appeared to be out.

The officer then approached the driver of the vehicle and requested license, registration and proof of insurance, which she provided without any problem. However, the officer noticed the driver was only 20 years old and her eyes were glossy and "pretty bloodshot." The officer performed a quick pass by her eyes while she was still in the vehicle to see whether there was any nystagmus in the eyes. The eyes were jumping and did not follow in smooth pursuit. The officer asked the driver to step out of the vehicle to conduct field sobriety tests because her eyes were glossy and bloodshot and because of the abbreviated nystagmus test.

The officer observed all six clues during the horizontal gaze nystagmus test and also tested her vertical nystagmus and concluded she had consumed alcohol. The driver repeatedly denied having any alcohol. Once out of the vehicle she did advise the officer that she takes a prescription allergy medication but she could not remember the name of the medication. The officer continued with the field sobriety tests and observed 4 out of 8 clues during the walk and turn test. On the one leg stand test, the officer observed one clue when she was unable to keep her foot up for the entirety of the test. The officer testified that the operator had a very strong perfume on and he could not detect any alcohol smell in light of the perfume smell. Because she continued to deny any consumption of alcohol, the officer performed two more tests. He observed that she had no problem with the alphabet test but that in the counting backward test she counted too far before stopping, another clue for intoxication. Because of the results of the field sobriety tests, her bloodshot eyes and her age of 20 for which there would be a lower burden for impairment, that is zero tolerance, the officer believed he had probable cause and arrested her.

of strong odor of alcohol on the defendant's breath and hearing the defendant make an incredible statement believed to be made to cover-up the defendant's impairment. *See State v. Webster*, 2000 ME 115, ¶ 7.

In this case, the officer observed defendant's glassy, bloodshot eyes and that she was under 21 years old. Although she denied consumption of any alcohol, she signaled impairment with the clues in the horizontal gaze nystagmus test, the walk and turn test, one leg stand test and the counting backward test. These facts establish the reasonable belief of a prudent and cautious officer that McCracken had been operating her vehicle while under the influence, and justify the officer's determination to arrest the defendant.

It is hereby ORDERED:

Defendant's Motion to Suppress is denied.

Dated: November 15, 2010

Joyce A. Wheeler, Justice

STATE OF MAINE
vs
TARYN MCCRACKEN
112 FELLOWS STREET
SOUTH PORTLAND ME 04106

Docket No   CUMCD-CR-2010-03625

**DOCKET RECORD**

DOB: 06/19/1989
Attorney: ANTHONY SINENI
        OFFICE OF ANTHONY SINENI III
        701 CONGRESS STREET
        PORTLAND ME 04102
        RETAINED 06/15/2010

State's Attorney: STEPHANIE ANDERSON

## Charge(s)

1   DRIVING TO ENDANGER               05/30/2010 SOUTH PORTLAND
Seq 1232  29-A  2413(1)         Class E
   PAGE            / SPO

2   OPERATE VEHICLE WITHOUT LICENSE-    05/30/2010 SOUTH PORTLAND
   COND/RESTRIC
Seq 9868  29-A  1251(1)(B)      Class E
   PAGE            / SPO

3   OPERATING UNDER THE INFLUENCE      05/30/2010 SOUTH PORTLAND
Seq 11493 29-A  2411(1-A)(A)    Class D  Charged with COMPLAINT on Suppleme
   PAGE            / SPO

## Docket Events:

06/02/2010 FILING DOCUMENT -  NON CASH BAIL BOND FILED ON 06/01/2010

06/02/2010 Charge(s): 1,2
       HEARING -  ARRAIGNMENT SCHEDULED FOR 07/21/2010 @ 8:30 in Room No.  1

       NOTICE TO PARTIES/COUNSEL
06/02/2010 BAIL BOND - $2,500.00 UNSECURED BAIL BOND FILED ON 06/01/2010

       Bail Amt: $2,500
       Date Bailed: 05/30/2010
       682
06/15/2010 Party(s): TARYN MCCRACKEN
       ATTORNEY -  RETAINED ENTERED ON 06/15/2010

       Attorney: ANTHONY SINENI
07/19/2010 Charge(s): 1,2,3
       SUPPLEMENTAL FILING -  COMPLAINT FILED ON 07/19/2010
       JAMES  TURCOTTE , ASSISTANT CLERK
07/22/2010 Charge(s): 1,2
       HEARING -  ARRAIGNMENT WAIVED ON 07/21/2010 @ 8:30 in Room No.  1

07/22/2010 Charge(s): 1,2,3
       PLEA -  NOT GUILTY ENTERED BY COUNSEL ON 07/21/2010 @ 8:30 in Room No.  1

07/22/2010 Charge(s): 1,2,3

HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 10/12/2010 @ 8:30 in Room No.  7

07/22/2010 Charge(s): 1,2,3
           TRIAL -  JURY TRIAL SCHEDULED FOR 11/15/2010 @ 8:30 in Room No.  11

           NOTICE TO PARTIES/COUNSEL
09/24/2010 Charge(s): 1,2,3
           HEARING -  DISPOSITIONAL CONFERENCE NOTICE SENT ON 09/24/2010
           TERRY  VALCOURT , ASSISTANT CLERK-E
10/14/2010 Charge(s): 1,2,3
           HEARING -  DISPOSITIONAL CONFERENCE HELD ON 10/12/2010
           JOYCE A WHEELER , JUSTICE
           Attorney: ANTHONY SINENI
           DA:  ROBERT ELLIS
           CASE UNRESOLVED, SET FOR MOTION HEARING 11-4. PARTIES NOTIFIED
10/14/2010 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 11/04/2010 @ 1:00 in Room No.  8

           NOTICE  TO PARTIES/COUNSEL
10/14/2010 MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 10/13/2010

           SUPPRESS FIELD SOBRIETY
10/14/2010 MOTION -  MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 10/13/2010

10/14/2010 HEARING -  MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 11/04/2010 @ 1:00 in Room No.  8

           NOTICE  TO PARTIES/COUNSEL
10/14/2010 MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 10/13/2010

           STOP
10/14/2010 MOTION -  MOTION EXPERT WITNESS REPORT FILED BY DEFENDANT ON 10/13/2010

10/14/2010 HEARING -  MOTION EXPERT WITNESS REPORT SCHEDULED FOR 11/04/2010 @ 1:00 in Room No.  8

11/17/2010 HEARING -  MOTION TO SUPPRESS STATEMENT HELD ON 11/04/2010
           JOYCE A WHEELER , JUSTICE
           Attorney: ANTHONY SINENI
           DA:  ROBERT ELLIS
11/17/2010 MOTION -  MOTION EXPERT WITNESS REPORT GRANTED ON 11/04/2010
           JOYCE A WHEELER , JUSTICE
11/17/2010 HEARING -  MOTION EXPERT WITNESS REPORT HELD ON 11/04/2010
           JOYCE A WHEELER , JUSTICE
11/17/2010 MOTION -  MOTION TO SUPPRESS DENIED ON 11/15/2010
           JOYCE A WHEELER , JUSTICE
           COPY TO PARTIES/COUNSEL
11/17/2010 ORDER -  COURT ORDER FILED ON 11/15/2010
           JOYCE A WHEELER , JUSTICE
           MOTION TO SUPPRESS IS DENIED FOR REASONS STATED IN THE ORDER
11/17/2010 ORDER -  COURT ORDER ENTERED ON 11/15/2010
           JOYCE A WHEELER , JUSTICE
           MOTION TO SUPPRESS IS DENIED
11/17/2010 Charge(s): 1,2,3
           TRIAL -  JURY TRIAL NOT HELD ON 11/17/2010

11/17/2010 HEARING - MOTION TO SUPPRESS HELD ON 11/04/2010
JOYCE A WHEELER , JUSTICE
Attorney: ANTHONY SINENI
DA: ROBERT ELLIS

A TRUE COPY
ATTEST: _____
Clerk