STATE OF MAINE          :          SUPERIOR COURT
CUMBERLAND, SS.                  CRIMINAL ACTION
                                   DOCKET NO. CR-10-7118,

STATE OF MAINE,        )
                          )
         v.             )        ORDER ON MOTION TO SUPPRESS
                          )
PARKER SWENSON,       )
           Defendant.       )

This matter came before the court for hearing on April 12, 2011 on defendant's motion to suppress in which he is challenging the stop. Defendant contends that the State lacked reasonable, articulable suspicion to stop his vehicle based on his operation of a motor vehicle. The officer's basis for the stop was erratic operation. The State and the defendant disagree about what the video (State's Ex. 1) discloses about the defendant's operation of his motor vehicle.

The State contends that the officer stopped the defendant's vehicle because of erratic operation. The State points to the totality of the circumstances, including that it was 3 a.m., the delay in turning off the high beam, keeping the left hand turn signal on without turning left, "kissing" the centerline on at least three occasions, operating the vehicle below the posted speed, approaching the intersection from the left turn only land and shooting over to the right lane just before entering intersection, breaking for no apparent reason and "kissing" the traffic island. Defendant counters that he operated his vehicle absolutely appropriately. He traveled along the centerline because there were some road issues on the right hand side of the road, but he never touched or crossed the centerline. Following the centerline took him directly into the left turn lane and he shifted into the right land to travel straight ahead. He only had two seconds to shift from one lane to the other and he was in the proper land when he entered the intersection. He hit the brakes of the vehicle as he entered the school zone but he never crossed the centerline.

## FACTS

The salient facts relevant to this issue and as found by the Court are as follows:

At approximately 3:00 a.m. on October 14, 2010, Patrol Officer Brian Martin was on patrol and had parked his marked police vehicle in a private driveway as he watched the traffic. Officer Martin decided to return to the station, turned on the headlights of his vehicle and had started to pull out towards Main Street when he observed a vehicle heading north bound with its high beams on. When he observed this vehicle, Officer Martin stopped his police vehicle. The approaching vehicle turned off its high beams just prior to passing the police vehicle. Officer Martin turned around and followed the vehicle because it had failed to dim its bright lights. The vehicle turned on its left turn signal and the turn signal stayed on past Turkey Lane and one other driveway. Even though there were no other left turns, the vehicle traveled approximately 200 yards before it turned off its left signal. Officer Martin found the failure to turn off the left turn signal odd. The vehicle was also traveling approximately 5 miles below the posted speed. The officer's vehicle was approximately 100 yards behind the vehicle as it passed the slow cone. Officer Martin turned on the vehicle's camera at this point because it appeared that the vehicle touched or "kissed" the centerline at the slow cone. Officer Martin observed the vehicle kissing the center line two more times and concluded the vehicle was "clearly drifting within its own land." As the vehicle approached the intersection of Blanchard and Tuttle Road, the vehicle moved into the left turn only lane for Blanchard Road and then just before entering the intersection veered into the right hand turn and straight ahead lane. Large white arrows marked the lanes for left turns only and for right turn and straight ahead. After going through the intersection, the vehicle was still traveling below the posted speed and braked several times by the Shell Gas Station. As the vehicle passed a small painted traffic island, the vehicle "kissed"

that area. It was at this point that Officer Martin decided to stop the vehicle for erratic operation and put on the police vehicle's blue lights.

## DISCUSSION

### The Stop

"In order to support a brief investigatory stop of a motor vehicle, such as the stop in this case, a police officer must have an objectively reasonable, articulable suspicion that either criminal conduct, a civil violation, or a threat to public safety has occurred, is occurring, or is about to occur. The officer's suspicion that any of these circumstances exist must be objectively reasonable in the totality of the circumstances." *State v Sylvain*, 2003 ME 5, ¶ 11 (citations and quotation marks omitted). "[S]afety reasons alone can be sufficient to support an automobile stop if they are based upon specific articulable facts." *State v. Pinkham*, 586 A. 2d 730 (Me. 1991). However, the reasonable suspicion standard requires more than mere speculation. *State v. Chapman*, 495 A. 2d 314 (Me. 1995). "The court must find that the officer *actually* entertained the suspicion and that the suspicion was *reasonable* under the circumstances." *State v. Lear*, 1998 ME 273, ¶ 5, 722 A. 2d 1266, 1268 (citations omitted). "[T]he term 'reasonable and articulable suspicion' includes both subjective and objective components. *Id.*

The officer stopped the vehicle based on the totality of the circumstances for erratic operation. The officer articulated several reasons for the stop in this case, which when considered in their totality furnished specific articulable facts to justify pulling the vehicle over. In *Pinkham I*, 565 A. 2d 318 (Me. 1989), the court concluded that that "the officer's observation of the defendant's misuse of the marked lanes could furnish 'specific articulable facts' to justify pulling him over for safety purposes to advise him of his improper use of the intersection." *Id.* at 320. As in *Pinkham*, here there is no evidence that this was a random stop or that the reasons for

the stop were only pretextural. In this case, there were the officer's observations, confirmed in part by the video, that the vehicle failed to dim its high beams, failed to turn off its left turn signal, traveled below the posted speed, kissed the centerline three times, approached the intersection from the left turn only lane veering into the proper land at the last minute, braked several times with no apparent reason and kissed the traffic island. This court concludes that the police officer had specific and articulable facts to justify stopping the vehicle for erratic operation. In so ruling, the court rejects defendant's argument that defendant's actions were perfectly appropriate given the condition of the road. The officer testified that although the road was not in great condition it was better back then, and since the October stop, the road has been beaten up by the winter and frost.

It is hereby ORDERED:

Defendant's Motion to Suppress is DENIED.

Dated: April 19, 2011

Joyce A. Wheeler, Justice

STATE OF MAINE
  VS
PARKER  SWENSON                                    Docket No  CUMCD-CR-2010-07118
296 GREELY RD
CUMBERLAND ME 04021                                  **DOCKET RECORD**

DOB: 04/27/1988
Attorney: MICHAEL WHIPPLE                   State's Attorney: STEPHANIE ANDERSON
          THE HALLETT LAW FIRM
          75 MARKET STREET SUITE 502
          PO BOX 7508
          PORTLAND ME 04112
          RETAINED 10/20/2010

## Charge(s)

1   OPERATING UNDER THE INFLUENCE              10/14/2010 CUMBERLAND
Seq 11493 29-A  2411(1-A)(A)          Class D
   MARTIN                 / CMB


## Docket Events:

10/15/2010 FILING DOCUMENT -  NON CASH BAIL BOND FILED ON 10/14/2010

10/15/2010 BAIL BOND - $2,500.00 UNSECURED BAIL BOND FILED ON 10/14/2010

          Bail Amt:  $2,500
          Date Bailed: 10/14/2010
          988
10/15/2010 Charge(s): 1
          HEARING -  ARRAIGNMENT SCHEDULED FOR 12/28/2010 @ 8:30 in Room No.  1

10/20/2010 Party(s):  PARKER SWENSON
          ATTORNEY -  RETAINED ENTERED ON 10/20/2010

          Attorney:  MICHAEL WHIPPLE
10/20/2010 MOTION -  MOTION TO AMEND BAIL FILED BY DEFENDANT ON 10/20/2010

          Attorney:  MICHAEL WHIPPLE
10/20/2010 HEARING -  MOTION TO AMEND BAIL SCHEDULED FOR 10/29/2010 @ 8:30 in Room No.  7

          NOTICE  TO PARTIES/COUNSEL
10/20/2010 HEARING -  MOTION TO AMEND BAIL NOTICE SENT ON 10/20/2010

10/29/2010 HEARING -  MOTION TO AMEND BAIL HELD ON 10/29/2010
          PAUL E EGGERT , JUDGE
          Attorney:  MICHAEL WHIPPLE
          DA:  DEBORAH CHMIELEWSKI
10/29/2010 MOTION -  MOTION TO AMEND BAIL DENIED ON 10/29/2010
          PAUL E EGGERT , JUDGE
          COPY TO PARTIES/COUNSEL
12/03/2010 Charge(s): 1
          SUPPLEMENTAL FILING -  COMPLAINT FILED ON 12/02/2010
          JAMES  TURCOTTE , ASSISTANT CLERK
12/28/2010 Charge(s): 1

HEARING - ARRAIGNMENT WAIVED ON 12/28/2010 @ 8:30 in Room No. 1

12/28/2010 Charge(s): 1
PLEA - NOT GUILTY ENTERED BY COUNSEL ON 12/28/2010 @ 8:30 in Room No. 1

12/28/2010 Charge(s): 1
HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 03/24/2011 @ 10:30 in Room No. 7

12/28/2010 Charge(s): 1
TRIAL - JURY TRIAL SCHEDULED FOR 05/09/2011 @ 8:30 in Room No. 11

NOTICE TO PARTIES/COUNSEL
03/09/2011 Charge(s): 1
HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 03/09/2011

03/24/2011 Charge(s): 1
HEARING - DISPOSITIONAL CONFERENCE HELD ON 03/24/2011
JOHN H ONEIL JR, JUDGE
DA: JENNIFER NORBERT
03/24/2011 Charge(s): 1
MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 03/24/2011

MOTION TO SUPPRESS EVIDENCE AND MOTION TO DISMISS
03/25/2011 Charge(s): 1
HEARING - MOTION TO SUPPRESS SCHEDULED FOR 04/12/2011 @ 1:00 in Room No. 8

NOTICE TO PARTIES/COUNSEL
04/12/2011 Charge(s): 1
HEARING - MOTION TO SUPPRESS HELD ON 04/12/2011
JOYCE A WHEELER , JUSTICE
Attorney: MICHAEL WHIPPLE
DA: MATTHEW TICE
Defendant Present in Court

WITNESS: OFFICER RYAN MARTIN

TP 2708
INDEX 1495-3140
04/19/2011 Charge(s): 1
MOTION - MOTION TO SUPPRESS DENIED ON 04/19/2011
JOYCE A WHEELER , JUSTICE
COPY TO PARTIES/COUNSEL
04/19/2011 ORDER - COURT ORDER FILED ON 04/19/2011
JOYCE A WHEELER , JUSTICE
ORDER ON MOTION TO SUPPRESS

A TRUE COPY
ATTEST: _____
                    Clerk